# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Darnell Begay** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR00456-002JB** |
| | USM Number: **48989-051** |
| | Defense Attorney: **Todd Farkas, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1111 | Second Degree Murder, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 02/06/2010 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 13, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**June 1, 2012**
Date Signed

Defendant: **Darnell Begay**
Case Number: **1:10CR00456-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed June 1, 2012 (Doc. 87). Defendant Darnell Begay, pursuant to a Plea Agreement, filed April 7, 2011 (Doc. 46), pled guilty to the Indictment, filed February 23, 2010 (Doc. 15), charging him with a violation of 18 U.S.C. §§ 2, 1111, and 1153, that being second-degree murder, and aiding and abetting. The Plea Agreement stipulates to a sentencing range of "151 to 188 months." Plea Agreement ¶ 5, at 2-3. D. Begay agreed to a sentence in this range, and further stipulated that he would not seek a downward departure or variance below this range. See Plea Agreement ¶ 10, at 5. D. Begay agreed to waive his right to appeal his "conviction(s) and any sentence . . . within the statutory maximum authorized by law and imposed in conformity with this plea agreement." Plea Agreement ¶ 13, at 7.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for D. Begay on June 7, 2011. In the PSR, the USPO calculates D. Begay`s total offense level to be 35. See PSR ¶ 43, at 11. The PSR applies a base offense level of 38 pursuant to U.S.S.G. § 2A1.2(a). See PSR ¶ 36, at 11. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on D. Begay`s acceptance of responsibility. See PSR ¶ 42, at 11. The PSR lists his criminal history category as I, based on 1 criminal history point. See PSR ¶ 50, at 14. The PSR calculates that an offense level of 35 and a criminal history category of I results in a guideline imprisonment range of 168 to 210 months. See PSR ¶ 90, at 21. On July 7, 2011, the USPO disclosed an Addendum to the Presentence Report to include several "training certificates" D. Begay has received for matters such as cardio-pulmonary resuscitation training and first-aid training. Addendum to PSR at 1. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**D. Begay asks the Court for a 151-month sentence. Plaintiff United States of America has agreed in its response to D. Begay`s sentencing memorandum to a sentence of 151 months. See Response to Sentencing Memorandum at 1, filed February 7, 2012 (Doc. 81). At the sentencing hearing on February 13, 2012, the parties agreed to the Court reducing D. Begay`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 35 and a criminal history category of I produces a guideline sentence of 168 to 210 months. The parties have stipulated to a sentencing range of 151 to 188 months -- the equivalent of a 1-level reduction to D. Begay`s offense level. See Plea Agreement ¶ 5, at 2-3.**

**The Court notes that D. Begay killed Payton Hogue by striking him with his hands. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for D. Begay`s offense. The Court agrees with the parties that a sentence of 151 months is sufficient to reflect the seriousness of this offense. This variance is the equivalent of a reduction of 1 offense level. The United States Attorney`s Office in this district has for years given, under its fast-track program, a 1-level reduction for waiver of appellate rights. See United States v. Begaye, No. 10-0456, 2011 WL 7036078, at \*4 (Dec. 29, 2011)(Browning, J.)("The Court notes that it is also customary in this District for the United States Attorney to agree to a 1-level reduction in a defendant`s offense level based on the waiver of a defendant`s rights to appellate and post-conviction relief."). D. Begay has agreed to waive his appellate rights. Plea Agreement ¶ 13, at 7. This reduction gives some parity with those that come into this country illegally or bring in drugs, and were eligible for the United States Attorney`s Office`s fast-track program before the Attorney General recently created a national fast-track program. Moreover, the United States has pointed to some weaknesses in its case if the case were to proceed to trial, including the lack of any witnesses to the crime other than D. Begay and co-Defendant Tyrus Begaye, and the lack of any significant forensic evidence. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. See United States v. Summers, 506 F.Supp.2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F.Supp.2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of not going to trial); United States v. Stone, 374 F.Supp.2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial).**

**It is also worth noting that D. Begay does not appear to have been the initial aggressor in the altercation, with Hogue arriving on the property unannounced and T. Begaye striking the first blow. Many of the reasons given in support of the Court`s sentence**

for T. Begaye of 151-months imprisonment are equally applicable here, particularly in light of Hogue`s unannounced appearance on the property, D. Begay and T. Begaye`s Native American beliefs, and D. Begay and T. Begaye acting in an otherwise lawful manner before the altercation: "While Begaye engaged in a violent crime resulting in someone else`s death, the victim appeared in an unusual manner on Begaye`s property, which is on the outskirts of the Navajo reservation, and does not appear to have explained his reason for being there or identified himself. Given the isolated nature of Begaye`s residence, those facts indicate that Begaye did not have a particularly culpable mental state in committing this crime and that the victim was to some extent responsible for instigating the incident. Begaye`s Native American beliefs may have made him unusually fearful under the circumstances as well. While Begaye was intoxicated, he was lawfully on his own property and was not violating any laws in consuming alcohol." United States v. Begaye, 2011 WL 7036078, at *4. D. Begay also admitted to the crime by turning himself in to the police, making him appear less culpable than a defendant who sought to hide his or her crime.

"In some Native American legends, a skin-walker is a person with the supernatural ability to turn into any animal he or she desires . . . ." Skin-Walker, Wikipedia, http://en.wikipedia.org/wiki/Skin-walker. It is worth noting that "[s]ome Navajo also believe that skinwalkers have the ability to steal the "skin" or body of a person. The Navajo believe that if you lock eyes with a skinwalker, they can absorb themselves into your body. It is also said that skinwalkers avoid the light and that their eyes glow like an animal`s when in human form, and when in animal form their eyes do not glow as an animal`s would." Skin-Walker, supra. In some cases, "Navajos will tell of their encounter with a skinwalker, though there is a lot of hesitancy to reveal the story to non-Navajos," and they also believe that a "skinwalker will try to break into the house and attack the people inside, and will often bang on the walls of the house, knock on the windows, and climb onto the roofs." Skin-Walker, supra. Additionally, as part of this tradition, "[l]egend has it skinwalkers can have the power to read human thoughts. They also possess the ability to make any human or animal noise they choose. A skinwalker may use the voice of a relative or the cry of an infant to lure victims out of the safety of their homes." Skin-Walker, supra.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 151 months is appropriate to reflect the seriousness of D. Begay`s crime. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Given that the Court is varying only 1 offense level and because D. Begay does not appear to have been the initial aggressor, the Court believes that the sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. D. Begay is receiving a sentence of more than twelve years even though he has only 1 criminal history point. Consequently, the Court believes that the sentence affords adequate deterrence both to D. Begay specifically and the public generally. Given that D. Begay does not appear to have initiated the altercation and will be in his late forties -- an age where his rate of recidivism will likely decrease -- when he completes his sentence, the Court believes that the sentence protects the public. Because the Court has sentenced both D. Begay and T. Begaye to the same sentence of 151-months imprisonment, see Amended Judgment at 2, filed January 9, 2012 (Doc. 77), the Court concludes that the sentence avoids unwarranted sentencing disparities among similarly situated defendants. Imposing an additional 17 months of incarceration will not more fully reflect the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences D. Begay to 151-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Court first recommends FCI Sheridan, OR and secondarily recommends FCI Bastrop, TX, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Darnell Begay**
Case Number: **1:10CR00456-002JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Darnell Begay**
Case Number: **1:10CR00456-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, drug paraphernalia, alcohol, weapons or other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a mental health treatment program, as approved by the probation officer, which may include outpatient counseling or prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

**The Defendant shall have no contact with the co-Defendant in this case, unless approved by the probation officer.**

**The Defendant will have no contact with the family of the victim at any time.**

Defendant: **Darnell Begay**
Case Number: **1:10CR00456-002JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $3,330.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or
B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act, it is further ordered that the Defendant will make restitution to Molly Hogue in the amount of $135.00; Rita Yazzie in the amount of $695.00; and the Navajo Nation Division of Social Services, in the amount of $2,500.00. The restitution will be paid jointly and severally with co-defendant Tyrus Begaye, while in custody through the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance will be paid while on supervised release in monthly installments of 10% of his net monthly income or $100.00, whichever is greater. For tracking purposes, all payments made by the Defendant shall be submitted to the Clerk of the Court, Attn: Intake, Case No. 1:10CR00456-001 JB, 333 Lomas Blvd., N.W., Suite 270, Albuquerque, New Mexico 87102. The payments shall then be forwarded to the victim at the address on file with the Clerk of the Court.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.